LOCCKE CORREIA,
LIMSKY & BUKOSKY
Merick H. Limsky (6999)
24 Salem Street
Hackensack, New Jersey 07601
(201)488-0880
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE TROOPERS FRATERNAL ASSOCIATION OF N.J., INC., | : |
| | : |
| | :Civ. Action No. 13-cv-1065 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| STATE OF NEW JERSEY, SUPERINTENDENT: | AMENDED COMPLAINT |
| OF THE NEW JERSEY STATE POLICE | : |
| JOSEPH R. FUENTES, in his official | : |
| capacity, | : |
| | : |
| Defendant. | : |
| | : |

Plaintiffs, State Troopers Fraternal Association of New Jersey, (hereinafter "STFA") a corporation of the State of New Jersey, having its principal offices at 2634 Highway 70, Manasquan, New Jersey, by way of complaint against the defendant, State of New Jersey, and Colonel Joseph R. Fuentes, allege and say:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 as a controversy arising under the Constitution or laws of the United States, pursuant to 28 U.S.C. §1343(4), as an action to secure equitable or other relief under a federal civil rights statute.   This Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202.

2.   Venue is proper in this district pursuant to 28 U.S.C. §1391, as Defendant is subject to the court's personal jurisdiction in any judicial district.

## THE PARTIES

3.   Plaintiff State Troopers Fraternal Association of N.J., Inc., (hereinafter "STFA") was and remains a public employee organization and is the duly recognized majority representative of all New Jersey State Troopers hold the titles Trooper I, Trooper II, Detective I, and Detective II employed by the State of New Jersey, Division of State Police.

4.   Defendant, the State of New Jersey is a public employer employing the members of the STFA.

5.   Defendant Joseph R. Fuentes is the Superintendent of the New Jersey State Police and has the statutory powers pursuant to N.J.S.A. 53:1-1 *et seq.*, to conduct internal investigations and issue discipline to the members of the New Jersey State Police, including members of the STFA.

## COUNT I

6.   Plaintiffs repeat, reallege and incorporate herein by reference each of the allegations of paragraphs 1 through 5 above, as tho set forth here in full.

2

7.    The President of the STFA is Tpr.I Christopher Burgos.

8.    President Burgos is an employee of the State of New Jersey, Division of State Police.

9.    President Burgos was officially verbally notified on January 24, 2013 that he was the target of a State Police Administrative Investigation.

10.    As part of the administrative investigation, President Burgos has been ordered to submit to an oral interview which it is attempting to schedule, but no date has been set as of the filing of this complaint.

11.    President Burgos, was informed by the State Police Office of Professional Services that the interview pertains to a document that had come into his possession that was ultimately forwarded to a lawyer who also represents the STFA.

12.    The STFA, through the STFA President, was informed that the administrative investigation seeks to gain information regarding the actions of President Burgos acting in the capacity of STFA President.

13.    The STFA was informed that a document or documents were sent to one STFA attorney who forwarded those documents to President Burgos.

3

14.  President Burgos then forwarded those documents to another STFA attorney who was handling the case involving those documents.

15.  The Defendant has acknowledged that none of the documents in question were marked "confidential" or contained any other marking to that effect.

16.  Any documents that were forwarded to the STFA were similar to other documents that have been provided prior to the time these documents were allegedly sent.

17.  It is the intent of the Defendant to interview President Burgos regarding communications he had with lawyers representing the STFA and/or its members.

18.  President Burgos was informed that the investigation does not relate to any activity which involves his duties or responsibilities as a State Trooper, but rather relates to activities as a union representative.

19.  The investigation relates solely to activity which occurred at the STFA offices while the STFA President was acting in his official duties as the STFA President.

20.  The First Amendment grants all citizens, including public employees, the right to freely associate with others without fear of government retaliation

4

21.   This right to engage in union activities, in particular organization and representation pursuant to the First Amendment, is a clearly established Freedom of Association.

22.   The First Amendment's protection of freedom of association extends to labor union activities, such as the right to solicit union membership, and to join for the purposes of redress in the grievances of union members.

23.   Any disclosure of statements or documents revealed at a union offices are protected from disclosure by the First Amendment of the United States Constitution, as well as the corollary portions of the New Jersey Constitution.

24.   Requiring disclosure of statements or documents which occur during union meetings interferes with the Freedom of Association.

25.   Requiring the STFA President to disclose what occurs at STFA meetings, or during his actions as the STFA President, constitutes an effective restraint on the Freedom of Association.

26.   Disclosure of the information sought by this Administrative Investigation will undermine the STFA's relationship with its members and with the employer.

27.   A union cannot function if its leaders are not free to

communicate with their members about problems and complaints.

28.   Union members must have confidence that what they tell their representatives on subjects related to their employment cannot be pried out of the representatives by overzealous employers.

29.   Union members must know and be sure that the STFA President cannot be interfered with or become the unwilling agent of the employer during an improper "Administrative Investigation".

30.   In this matter the Defendant is seeking to compel or otherwise coerce information from the STFA President that would potentially reveal:

> A. Collective Bargaining strategy concerning a contract issue/grievance relating to the procedures for administrative investigations.
>
> B. Statements made by STFA unit members complaining about unfair or unequal treatment
>
> C. Statements made by the STFA President concerning unfair or unequal treatment by the employer.
>
> D. The manner in which the STFA President came into possession of documents which have information regarding a disciplinary matter of an STFA member.
>
> E. The identity of STFA unit members who complained or otherwise provided STFA representatives with information or documents relating to unfair or unequal treatment.
>
> F. Privileged communications between the STFA President and/or Executive Board and attorneys who represent the STFA and/or its members.

6

31.   Compelling the disclosure of such sensitive information violates the STFA's Freedom of Association, interferes with its privileged union activities, and otherwise chills the exercise of First Amendment Activities.

32.   Requiring the STFA President to submit to a compelled interrogation under such circumstances will lead to stigma, reprisal, harassment and humiliation of STFA representatives.

33.   Requiring the STFA President to submit to a compelled interrogation undermines the ability of the STFA to represent its members.

34.   There is no governmental need, emergency, or reasonable justification for obtaining or requiring disclosure of the information at issue in this matter.

35. An  interview of President Burgos took place on February 26, 2013.

36.   The interviewer requested STFA President Burgos to disclose confidential privileged communications which he had with union attorneys and with other executive representatives of the STFA union.

37. The interrogating officers demanded that President Burgos turn over privileged confidential email correspondence between

7

himself and his attorneys.

38.   President Burgos complied with the orders to disclose the privileged communications or face severe discipline or termination.

39. The interview requested that President Burgos reveal the names of union representatives, how he interacts with his attorneys, requested him to comment on confidential emails he received form his attorneys, requested him to comment on confidential conversations he had with his attorneys, and was ordered to supply other confidential emails to and from his attorneys.

40.   The interviewer also requested him to divulge information related to a document which was disclosed to him in "discovery" within a disciplinary case involving one of his union members.

41.   This ongoing investigation of the union president is causing continuing damage to the relationship between the President and his attorneys and the union president and his members. Because the Presidents communications with his attorneys and members exist under a "cloud" of aggressive interrogative tactics they cannot communicate with him freely for fear their conversations may be disclosed.

42.   The Office of Law Enforcement Professional Standards (internal affairs) opening up an criminal investigation for "theft" against President Burgos even though it was one of its own OPS

8

internal affairs officers who released such document.

**WHEREFORE**, the Plaintiff, STFA, demands the following judgment:

A. Temporarily, preliminarily and permanently enjoining and otherwise restraining the Defendant, its officers and agents, from requiring the STFA President to submit to and/or provide testimony within an Administrative Investigatory Interview which seeks to compel the STFA President to disclose any statements made during meetings with members and/or STFA attorneys or which requires him to disclose the manner in which information was transmitted between the STFA and STFA attorneys; and,

B. Temporarily, preliminarily and permanently enjoining and otherwise restraining the Defendants, its officers and agents, from interfering in STFA union matters and otherwise staying and dismissing any disciplinary investigations or charges against President Burgos.

C. Plaintiff also requests counsel fees, cost of suit and such further relief as the Court deems just and proper.

### COUNT II

35.  Plaintiffs hereby fully incorporate all facts set forth in Count I.

36.  The Defendants attempt to force the Plaintiff to disclose

9

privileged communications is a violation of New Jersey State Law protecting said privilege.

37.   Compelling the disclosure of such sensitive information violates the STFA's Freedom of Association, interferes with its privileged union activities, and otherwise chills the exercise of First Amendment Activities.

38.   Requiring the STFA President to submit to a compelled interrogation under such circumstances will lead to stigma, reprisal, harassment and humiliation of STFA representatives.

39.   Requiring the STFA President to submit to a compelled interrogation undermines the ability of the STFA to represent its members.

**WHEREFORE**, the Plaintiff, STFA, demands the following judgment:

**A.** Temporarily, preliminarily and permanently enjoining and otherwise restraining the Defendant, its officers and agents, from requiring the STFA President to submit to and/or provide testimony within an Administrative Investigatory Interview which seeks to compel the STFA President to disclose any statements made during meetings with members and/or STFA attorneys or which requires him to disclose the manner in which information was transmitted between the STFA and STFA attorneys; and,

**B.** Temporarily, preliminarily and permanently enjoining and

10

otherwise restraining the Defendants, its officers and agents, from interfering in STFA union matters and otherwise staying and dismissing any disciplinary investigations or charges against President Burgos.


    **C.** Plaintiff also requests counsel fees, cost of suit and such further relief as the Court deems just and proper.

                            **LOCCKE, CORREIA, LIMSKY & BUKOSKY**

                            MICHAEL A. BUKOSKY

Date: April 25, 2013