NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE TROOPERS FRATERNAL ASSOCIATION OF NEW JERSEY, INC.,, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civil Action No.: 13-cv-1065 (PGS) <br><br> MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter comes before the Court on an Amended Complaint and application [ECF No. 9] by Plaintiff, State Troopers Fraternal Association of New Jersey, Inc. ("Plaintiff' or "STFA"), whereby Plaintiff seeks to permanently enjoin Defendants, State of New Jersey and Colonel Joseph R. Fuentes[1] ("Defendants"), from investigating or disciplining STFA President Trooper Christopher Burgos (Trooper Burgos") who was acting in furtherance of his union responsibilities, for violating the Rules and Regulations of the Division of State Police ("Division"). By way of amended complaint, Plaintiff alleges that Defendants' investigation of Trooper Burgos interferes with or chills his first amendment rights because it "relates solely to activity which occurred while [Trooper Burgos] was acting as STFA President." Pl.'s Compl at ¶ 19 [ECF No. 1]. More specifically, Defendants' investigation into union matters restricts the right of union members to freely associate under the First Amendment. Defendants oppose Plaintiffs application, arguing primarily that Trooper Burgos's conduct, namely the disclosure of confidential documents, is not protected conduct under the First Amendment. The Court, having

---

[1] In his official capacity as Superintendent of the State of New Jersey, Division of State Police, only, having the statutory authority to investigate and discipline members of the Division. N.J.S.A. 53:1-1 et seq.

considered the parties' submissions, and having heard oral argument on February 22, 2013 and October 21, 2013, hereby denies Plaintiff's application for a permanent injunction barring the investigation or discipline of Trooper Burgos.

Trooper Burgos has been a member of the New Jersey State Police since June 19, 1986, and has also served as the elected President of the STFA. STFA is the union that represents the interests of the New Jersey State Troopers below the rank of Sergeant (*Id* at 17, 5 through 28, 19). As President of the STFA, Trooper Burgos is responsible for representing the union during contract and labor negotiations (Burgos T. 28, 14-17) and supporting union members facing discipline by the Division's Office of Professional Standards ("Division") (Burgos T. 32, 1 through T. 33, 25). Notably, on disciplinary matters, Trooper Burgos acts as a liaison between the Division and union members (and their counsel) (Burgos T. 32); but he is not a party to their disciplinary proceedings in a personal or official capacity.

The instant action arises as a result of Trooper Burgos' unauthorized release of a confidential Division document which he received while acting as STFA president. The document was a "Supervisory Review Sheet" drafted by the Division and contained the preliminary results of an internal investigation by the Division into the conduct of Trooper Keith Juckett and Sergeant Richard Wambold "Confidential Document."

On or about August 16, 2012, Burgos obtained the Confidential Document when Katherine Hartman, Esq. ("Hartman") forwarded it to Burgos (T. 22, 6-18; T. 51, 5-15). Since, Hartman represented other troopers in other matters before the Division, she realized that she received the Confidential Document in error, and she emailed it to Trooper Burgos, in his capacity as STFA President. (Burgos T. 26, 18 through T. 27, 20).

In the ordinary course of business at the Division, documents like the Confidential Document are not routinely disclosed until the final disposition of an individual case. Only the final conclusion of an internal investigation is disclosed. Pl.'s Br. in Opp. at 11. Nevertheless, having received the Confidential

Document from Hartman, Trooper Burgos forwarded copies of it to Vincent Nuzzi, Esq., counsel for Trooper Keith Juckett (Burgos T. 49, 7-19) and Charles Sciarra, Esq., counsel for Sergeant Richard Wambold. (Burgos T. 51, 19-24)

When the Division realized that the Confidential Document had been released without authorization, it launched an internal investigation into the circumstances surrounding the disclosure. On December 4, 2012, the Division's investigation focused on Trooper Burgos because he was the individual who disclosed the Confidential Document to the lawyers without authorization. (Burgos T., 22 through T. 6, 16). On February 1, 2013, Plaintiff commenced the instant action to enjoin Defendants from compelling an interview of Trooper Burgos as part of the Division's internal investigation.

On February 22, 2013, at the injunction hearing, the Court denied an injunction but instructed the parties that if the interview of Trooper Burgos gave rise to any disputes about First Amendment concerns, then plaintiff may object and bring the questions here for review. On February 26, 2013, the Division interviewed Trooper Burgos, and no such disputes arose at that time.

On April 25, 2013, Plaintiff filed an Amended Complaint [ECF No. 9] seeking, this time, to permanently enjoin Defendants' from further investigation and/or subsequent discipline of Trooper Burgos, on First Amendment grounds. Plaintiff argued that any adverse action taken by the Division against Trooper Burgos would restrict the constitutional right of union members to freedom of association. Defendants opposed that application[2], arguing "that Plaintiff has not made the necessary showing to obtain the extraordinary relief of a permanent injunction" (Pl.'s Br. in Opp. at 8-21).

II.

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.,*

---

[2] The Court notes that from April 26, 2013 to September 19, 2013, this case was subjected to substantial delays resulting from the Court's accommodation of numerous requests by counsel on both sides for adjournments.( ECF Nos. 14, 15, 16, 18, 23.

290 F.3d 578, 586 (3d Cir. 2002)(quotation and citation omitted). To obtain an injunction, a plaintiff must demonstrate to the court that such extraordinary relief is warranted. "In ruling on a motion for a preliminary injunction, the court must consider: (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. N.J. 1994); *see also Nutrasweet Co. v. Vit-Mar Enterprises*, 176 F.3d. 151, 153 (3d Cir. 1999)(quoting *Maldonado v. Houstoun*, 157 F.3d. 179, 184 (3d Cir. 1998)). When seeking a permanent injunction, a plaintiff must show actual success on the merits. *Premier Sys. Consultants, Ltd. v. Mahin*, 1999 U.S. Dist. LEXIS 19294, at 3 (E.D.Pa. Dec. 14, 1999)(*citing Univ. of Tex. v. Camenisch*, 451 U.S. 390, 392, 101 S. Ct. 1830, 1832, 68 L. Ed. 2d 175, 178 (1981)). A plaintiff's failure to establish any element in its favor renders an injunction "inappropriate". *Nutrasweet Co.*, 176 F.3d. at 153.

Plaintiff's application for a preliminary injunction does not meet several of the factors. At the outset, Plaintiff has failed to demonstrate actual success on the merits of its First Amendment claim of "expressive association". Pl.'s Brief at 13 [ECF. No. 12]. The Court is not persuaded by Plaintiff's argument that any investigation into the STFA President would be fatal to the Union. *see* Pl.'s Complaint at ¶ 27 (where it alleges "A union cannot function if its leaders are not free to communicate with their members about problems and complaints."). Plaintiff has failed to provide any evidence sufficient to support its assertion that any inquiry—even if limited in scope to the actions of a single individual in a single instance—would have a chilling effect on the freedom of association of the members of STFA's members of STFA. See Pl's Brief at 12 ("There is obviously a chilling effect on the President … There is also a chilling effect on the members right to Associate with the STFA which has been dragged into an

investigation."). The Division's review of this one minor incident involving several individuals does not undermine the function of the union.

Plaintiff has also failed to prove that the STFA would suffer irreparable harm without injunctive relief. Indeed, Plaintiff has failed to establish "any injury other than that which is incidental to" the pending state proceedings. *Douglas v. City of Jeannette,* 319 U.S. 157, 164, 63 S. Ct. 877, 87 L. Ed. 1324 (1943). If Plaintiff's petition is denied by this Court, Plaintiff is not without a remedy, it has the option to seek constitutional relief in the state administrative proceeding,[3] or any appeal therefrom. N.J. Ct. R. 2:2-3(a)(2). Moreover, there is no evidence that the defendants are targeting or harassing Trooper Burgos because of his union involvement. The interview of Burgos was an ordinary procedure in Division operations.

Finally, Plaintiff has failed to demonstrate that any "adverse action" against Trooper Burgos would harm the public interest. To the contrary, "The State of New Jersey has a significant interest in maintaining and assuring the professional conduct of its police force." *Terry v. Town of Morristown*, 2007 U.S. Dist. LEXIS 51837 (D.N.J. July 17, 2007)(internal quotation and citation omitted); *see also State Troopers Non-Commissioned Officers Ass'n v. New Jersey*, 643 F. Supp. 2d 615, 638 (D.N.J. 2009). The discipline of state troopers "involves the most profound and fundamental exercise of managerial prerogative and policy," implicating "not only the proper conduct of those engaged in the most significant aspects of law enforcement, involving the public safety and the apprehension of dangerous criminals, but also the overall effectiveness, performance standards, and morale of the State Police." *New Jersey v. State Troopers Fraternal Ass'n*, 134 N.J. 393, 634 A.2d 478, 491 (N.J.

---

3 The Division regularly transmits disciplinary matters to the Office of Administrative Law (the "OAL") for a plenary review of any disciplinary charges by an administrative law judge ("ALJ"). Constitutional claims may be raised before an ALJ, who is "clothed with ample authority to rule upon such questions in their initial decisions, to the extent the issues arise legitimately in the context of the contested case hearing and are necessary for a complete disposition of any genuine issue in the contested case." *Jones v. Dep't of Cmty. Affs., 395 N.J. Super. 632, 930 A.2d 477, 480 (N.J. App. Div. 2007)*. The ALJ's recommendation is reviewed by the Superintendent of the Division, who renders the final decision regarding the disciplinary charges. Thereafter, plaintiffs have a right to appeal.

1993)(holding that the discipline of state police was not subject to negotiation or collective bargaining agreement). The public depends on the order of its law enforcement bodies, which itself depends on the enforcement of the Rules and Regulations established by the Division. It is in pursuance of that end that the Rules and Regulations promulgated by the Division require every member to submit to questioning by the Division when necessary. *see* Declaration of Erin M. Greene, Esq. ("Greene Decl."), Ex. A at 20 [ECF No. 29-1].

In deciding this matter, the Court is mindful that the most culpable person may be the officer who mistakenly emailed the Confidential Document to Katherine Hartman, Esq.; but there are no facts that show that the State Police are targeting Burgos because of his role as President of the Union, as opposed to the others individuals involved.

ORDER

This matter having come before the Court upon Amended Complaint and application [ECF No. 9] by Plaintiff State Troopers Fraternal Association of New Jersey, Inc. ("Plaintiff" or "STFA"), seeking to permanently enjoin Defendants, State of New Jersey and Colonel Joseph R. Fuentes (collectively "Defendants"), from investigating and/or disciplining STFA President, Trooper Christopher Burgos ("Trooper Burgos"), for violations of the rules and regulations promulgated by the State of New Jersey, Division of State Police ("Division"); and the Court, having considered the parties submissions; and having heard oral argument on February 22, 2013 and October 21, 2013, and for the reasons stated above;

It is on this 11th day of   December, 2013;

ORDERED that Plaintiff's application to temporarily, preliminary, and permanently enjoin and otherwise restrain Defendant from investigating or disciplining Trooper Christopher Burgos is DENIED; and it is further

ORDERED that Plaintiff's request for attorney's fees and costs of suit is DENIED; and it is further

ORDERED that the Clerk of the Court designate the action as CLOSED.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

December 11, 2013